UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>FEDERAL RESOURCES CORP. )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 11-CV-127-BLW |

ORDER AND STIPULATION REGARDING CONFIDENTIALITY

WHEREAS, Plaintiff United States of America and Defendant Federal Resources Corp. stipulate to entry of this Protective Order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent the unnecessary disclosure or dissemination of confidential information;

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

1. Discovery in this case may involve the production of documents which contain information which may be entitled to confidential treatment. This material is or will be stamped or otherwise identified as "Confidential," "Business Confidential," "Contractor Confidential," or "Privacy Act Confidential."

2. All of the above-referenced confidential material will hereinafter be termed

"Confidential Material" or "Confidential Documents" for purposes of this Stipulation and Order.

3. The Parties are prohibited from using Confidential Materials, or their contents, for any purpose other than this litigation. All Confidential Material produced by the Parties in this case shall have the annotation "Confidential," "Business Confidential," "Contractor Confidential," or "Privacy Act Confidential" on each page.

4. Any information contained in the Confidential Material shall be kept strictly confidential by the Parties, the Parties' counsel, and any experts or consultants (including persons employed by those experts or consultants), and the information contained therein shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Order or by such further Order as the Court may enter.

5. Any Confidential Materials that the Parties' attorneys or their experts or consultants choose to have photocopied, photographed, electronically scanned, or otherwise replicated, will be reproduced in such a manner that they contain the protective order notice information set forth in paragraph 3 above.

6. Any notes or dictation tapes made by persons other than the attorneys of record in this case (and their associated attorneys, paralegals and support staff) while reviewing the Confidential Material, which contain information regarding the Confidential Material, will be marked clearly by the party making the notes or dictation with the marking noted in paragraph 3 above, and are subject to the same provisions as copies of the Confidential Material.

7. The Confidential Documents and any information contained therein may be disclosed without further Court approval only to the following: (1) the Court and its staff; (2) the attorneys of record in this action, and the attorneys, paralegals, and support staff, whether employees or independent contractors, as may be necessary in the ordinary course of

representing their respective clients; (3) testifying and non-testifying experts, consultants and other persons retained by the attorneys of record in this action for the purposes of this litigation; and (4) witnesses whose depositions have been noticed or who have been designated as persons who will or may be called as witnesses at a hearing or trial in this litigation.  Persons described in categories (3) and (4) of the previous sentence may have access to the Confidential Material, <u>provided</u>, <u>however</u>, that any such person receiving access to the Confidential material shall, prior to receiving access, execute an Confidentiality Agreement in the form attached hereto as Appendix B.  The executed Confidentiality Agreement shall be maintained by the counsel of record who obtained it.  Copies of all executed Confidentiality Agreements shall be provided to opposing counsel in this litigation within thirty (30) days of a written request.

8. Disclosure of Confidential Material may only be made to officers, directors, or employees of the Parties who have responsibility for the preparation and trial of this action or any appeal therein. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order prior to such disclosure by executing the Confidentiality Agreement annexed hereto.

9. Confidential Materials shall be filed under seal by the Clerk of Court in the event that such documents are filed into the record as evidence or exhibits or for any other purpose. The Parties shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this action, quoting a Confidential Document or containing information obtained from a Confidential Document, unless any Confidential  portion of such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court.  Materials or pleadings filed under seal shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action, an indication of the nature of the contents of such sealed envelope or other

container, the phrase "CONFIDENTIAL MATERIAL—FILED UNDER SEAL" and a statement substantially in the following form:

> This envelope or container is sealed and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court or counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

10. It shall be the responsibility of the attorneys of record in this action to employ, consistent with this Order, reasonable measures to control duplication of, access to, and distribution of the Confidential Documents.

11. All individuals to whom documents or copies which are subject to this Order are disclosed shall destroy or return to the disclosing party upon request any and all documents, copies, and notes covered by this agreement immediately upon the termination of this litigation, including all applicable appeals. The obligation to return or destroy upon request shall exist prior to the termination of this litigation when an individual or entity is no longer a party or when an attorney or expert is no longer retained to work on this case, whichever comes earlier. Individuals returning or destroying documents, copies, and notes under any circumstance shall certify in writing that the documents, copies and notes have been returned or have been destroyed.

12. In the event that any party disputes a confidentiality designation hereunder, counsel for the party disputing the designation will notify the disclosing party in writing of its grounds for disputing the designation, and, within 30 days after such notification (or additional

time if the parties agree), the parties to the dispute will discuss and attempt to resolve the dispute. If the dispute is not resolved within 30 days or the extension thereof, the party disputing the designation may file a motion under seal seeking a ruling from the Court relating to the designation.

DATED: **September 16, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court

Appendix:

1<u>Stipulation and Protective Order Confidentiality Agreement</u>

The undersigned is currently employed or otherwise engaged as a consultant or contractor by the following company located at the following address:

_____

_____

_____

The undersigned hereby acknowledges that he/she has read the foregoing Stipulation and Protective Order (Protective Order) executed by the attorneys of record for the parties in the action presently pending in the United States District Court for the District of Idaho, entitled United States v. Federal Resources Corporation, Civil Action No. 11-cv-00127-REB. The undersigned understands the terms of the Protective Order and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned understands that disclosure of information which has been designated as confidential by the submitter of that information may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned understands that the pledge of confidentiality under this Agreement continues after the lawsuit is over. Furthermore, the undersigned understands that a breach of the Protective Order may subject him/her to civil claims for damages, criminal prosecution and/or penalties that the Court may impose for contempt.

Dated: _____
Signed: _____