UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL RESOURCES CORPORATION,<br><br>　　　　　Defendant. | Case No. 2:11-cv-00127-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　The Court has before it defendant and counter-claimant Federal Resources Corporation's Motion For Order Requiring Department of Justice to Prevent Destruction of Documents (Dkt. 65).  The motion is fully briefed and at issue.  The Court will grant the motion in part and deny it in part.  As explained further below, the Court finds that the Government has construed its discovery obligations too narrowly and will therefore order it to place litigation holds on all documents maintained by the Department of Energy, the Department of the Interior, or the Department of Agriculture that are relevant to the three mine sites at issue in this case.

## BACKGROUND

　　　　In March 2011, the United States Government sued Federal Resources to recover over $7 million in cleanup costs allegedly incurred at three Idaho mining sites – the

Conjecture Mine, the Minnie Moore Mine, and the Idaho Lakeview Mine. The Government alleges that Federal Resources conducted mining activities at all three sites in the 1950s, 1960s, and early 1970s, and is suing under the Comprehensive Environmental Response, Compensation Act (CERCLA), 42 U.S.C. § 9607.

Discovery got underway last summer, and in responding to Federal Resources' document requests and interrogatories, the Government acknowledged that two now-defunct federal agencies – the Defense Minerals Exploration Administration and the Defense Minerals Administration (collectively, "DMA"[1]) – had entered into mining exploration agreements at the Conjecture and Minnie Moore Mine sites. Under these types of agreements, the Government would help fund mineral exploration costs and then receive royalty payments – typically five percent of the net smelter returns on processed ore – for 10 years from the date of the exploration contract, or until the government recouped its exploration costs. *See Ex. B to Mot., USGS Report entitled "Mining properties in Idaho that were involved in the DMA, DMEA, or OME Mineral Exploration Programs, 1950-74*, Dkt. 66-2, at 2.

---

[1] The Court is hesitant to add yet another acronym to this case, but it seems the easiest way to collectively refer to these agencies. To clarify, the Defense Minerals Administration was established in December 1950 under the Defense Production Act of 1950. It was short-lived; Congress terminated that administration less than a year after its creation and replaced it with the Defense Minerals *Exploration* Administration. This successor administration remained in place until around 1958 when the Office of Minerals Exploration took over. That lasted until 1965, when the United States Geological Survey assumed all administrative and operational responsibilities of the Office of Minerals Exploration. *See Ex. B. to Motion, USGS Report entitled "Mining properties in Idaho that were involved in the DMA, DMEA, or OME Mineral Exploration Programs, 1950-74"*, Dkt. 66-2, at 1.

**MEMORANDUM DECISION AND ORDER - 2**

The Government did not produce any documents related to DMA activities at the Conjecture and Minnie Moore mining sites. *See Mot. Memo.*, Dkt. 65, at 4. Instead, the Government said it would limit its search to documents held by the Department of Justice, as well as the EPA and the USFS as these were the agencies that had incurred cleanup costs. The Government also searched for records at a BLM office in Northern Idaho and instructed a BLM employee (a former USFS employee who supervised work at two of the mines) to retain documents. Otherwise, the Government told Federal Resources that documents relating to the DMA might be in the National Archives. The Government apparently did not undertake any other searches for DMA-related documents.

In December 2011, the Government said it learned for the first time that the United States Geological Survey (USGS) had documents related to the DMA's activities at the Conjecture and Minnie Moore Mines. The Government learned of the documents when Federal Resources moved to amend its complaint and, within that motion, cited to "business records" maintained by the USGS. This apparently did not prompt the Government to undertake any additional efforts to locate relevant documents at the USGS, or to place a litigation hold on any documents held by the USGS. Instead, it asked Federal Resources to provide it with the the USGS documents.

Meanwhile, Federal Resources continued its effort to locate documents related to the DMA's activities at the Idaho mines. On March 1, 2012, Federal Resources lawyers came across a USGS report, which indicated that DMA documents were being held in a

USGS office in Spokane, Washington. That report directed interested parties to contact that office if they wished to obtain information relating to DMA files.

On March 1, 2012, Federal Resources' counsel contacted the Spokane office because some of the documents were illegible in the electronic database. Counsel wanted to see the originals. The timing was fortuitous, because these documents were scheduled to be shredded the very next day. A scientist at the Spokane office, Dave Frank, confirmed that no litigation hold had been placed on these documents, but offered that Department of Justice lawyers had placed holds on documents related to another mine site.

Ultimately, none of the documents located in Spokane were shredded and Federal Resources has been able to review them. Also, the Government says it has now placed a litigation hold on USGS documents. So the urgency has passed as it relates to the Spokane documents.

Federal Resources is bringing this motion to obtain broader relief. It asks the Court to order the Government to "immediately place a litigation hold on all documents maintained by the USGS *and any other agency of the United States* that are related to or in any way relevant to the three mine sites that are at issue in this case." *Mot. Memo.*, Dkt. 65, at 10 (emphasis added). Alternatively, if the Court is not inclined to enter such a broad order, Federal Resources asks that the Government be ordered to place a litigation hold on documents held by three departments: the Department of Agriculture, the

Department of Interior, and the Department of Energy.  Either way, Federal Resources also asks for an order directing the Government to "provide confirmation to the court and to counsel for Federal Resources of all communications to the departments referenced above directing the requested litigation hold." *Reply*, Dkt. 73, at 6.

Additionally, Federal Resources asks the Court to order the Government to "explain in detail what steps were taken to assemble and collect documents and information responsive to FRC's discovery requests and to prevent destruction of documents and evidence." *Mot. Memo.*, Dkt. 65, at 2.

### ANALYSIS

The parties do not dispute the standard governing their discovery obligations. Litigants have a duty to preserve what they know, "or reasonably should know is relevant to the action, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request."  *Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).  Additionally, if a party "reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents."  *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).

The Government says it is well aware of its discovery obligations and that it takes them seriously.  Thus far, however, the Government has construed its discovery obligations too narrowly.  At the outset, it was not reasonable for the Government to limit

its search for documents as it did. The Government's core discovery position is that it will only look for documents held by the EPA and the USFS because these are the agencies that have incurred cleanup costs.

Such an approach might make sense in some other context. But when the Government is suing a company based on activities dating back to the 1950s, it does not make sense to define relevance in terms of cleanup costs incurred more recently. Indeed, the Government has acknowledged that a BLM Office in Northern Idaho might also have relevant documents, and it has searched for documents there. But the Government must do better. Surely, some agency within the Government will have an idea of how to locate documents relating to the Government's involvement in the mining sites at issue here. Federal Resources is entitled to the benefit of any such institutional knowledge. It is unfair for the Government to generally point Federal Resources to the National Archives and other publicly available documents.

It is also significant that after the Government learned the USGS had documents relating to the mines at issue here, it did nothing further. Only after Federal Resources' counsel managed – by sheer luck – to prevent destruction of relevant USGS documents did the Government issue a litigation hold to that agency.

Given the Government's discovery track record thus far, the Court will grant Federal Resources' motion – with some limitations. Defining the parameters of an order which will afford Federal Resources adequate protection is difficult. Under the best of

circumstances discovery tends to be a fluid and dynamic endeavor. That uncertainty is even greater when the time frames are measured in decades and one of the parties is as large and unwieldy as the United States Government.

Here, the Government complains that Federal Resources asks for a government-wide hold "covering a multitude of agencies that no party has any reason to believe may be in possession of relevant documents." *Opp.,* Dkt. 70. This is a legitimate concern. However, the requested litigation hold is limited by subject matter – to documents "that are related to or in any way relevant to the three mine sites that are at issue in this case." *Mot.,* Dkt. 65, at 10. That is a reasonable starting point – even for a large, organizational litigant such as the federal government.

However, even with the subject matter limitation, it is unreasonable to require the Government to impose a litigation hold which is applicable to any government agency. Rather, the litigation hold must be limited to agencies which have some likelihood of having custody of those documents. The challenge is in determining which agencies may have control of relevant documents.

Given the Government's failure to properly identify those federal agencies which has custody of documents relative to the three mining sites, the Court will order the Government to place litigation holds on documents held by the three agencies Federal Resources identified in its briefing: (1) the Department of Energy; (2) the Department of the Interior; and (3) the Department of Agriculture.

**MEMORANDUM DECISION AND ORDER - 7**

If the Government believes even this limited list is overly broad, it may seek relief from the Court. However, the Government is cautioned that the Court will err on the side of being over-inclusive rather than under-inclusive in selecting the agencies subject to the litigation hold.

## ORDER

**IT IS ORDERED** that Federal Resources' Motion For Order Requiring Department of Justice to Prevent Destruction of Documents (Dkt. 65) is **GRANTED IN PART** and **DENIED IN PART.** The motion is granted as follows:

1. Within 7 days after entry of this order, the United States will place a litigation hold on all documents maintained by the Department of Agriculture, the Department of the Interior, or the Department of Energy that are related to or in any way relevant to the three mine sites at issue in this case; and

2. Immediately thereafter, the United States will confirm, in writing, to Federal Resources' counsel that these litigation holds have been issued.

Federal Resources' request that that the Government be ordered to detail what steps were taken to assemble and collect documents responsive to Federal Resources' discovery requests and to prevent destruction of documents and evidence is DENIED AS MOOT. The Government provided this explanation in responding to the pending motion.



DATED: **May 9, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge