IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL RESOURCES CORPORATION, BLUM REAL ESTATE TRUST; and BENTLEY J. BLUM in his capacity as Trustee of the Blum Real Estate Trust<br><br>      Defendants. | Case No. 2:CV-11-127-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it a motion to amend complaint. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

### FACTUAL BACKGROUND

The Government originally sued Federal Resources to recoup over $7 million in clean-up costs incurred at three mine sites: (1) Conjecture Mine Site in Bonner County, Idaho; (2) Lakeview Mine Site, also in Bonner County; and (3) Minnie Moore Mine Site in Blaine County. The Government sued Federal Resources as a "Potentially Responsible Party" (PRP) for those costs under the Comprehensive Environmental Response, Compensation and Liability Act (CERLCA), 42 U.S.C. § 9607. Later, the Government added as defendants, the Blum Real Estate Trust, and Bentley Blum in his capacity as Trustee of the Trust, alleging that Federal Resources improperly transferred

assets to the Trust to avoid paying CERCLA costs.

In the present motion to amend, the Government seeks to add the following claims in its proposed Second Amended Complaint: (1) a Federal Debt Collection Procedures Act (FDCPA) claim on an insider theory; (2) two CERCLA claims against Camp Bird Colorado Inc. (CBC), and Bentley Blum individually, based on alter ego and veil piercing theories asserting that Blum and CBC are liable for response costs owed by Federal Resources; and (3) a Federal Priority Statute claim against Bentley Blum and CBC.

As a result, the amendments would add two new defendants in the case: CBC and Bentley Blum in his personal capacity. The Proposed Second Amended Complaint would also drop the claims to recoup the Lakeview Mine clean-up costs from Federal Resources.

Blum has no objection to the proposed amendments. Federal Resources does object on the ground that the Government should not be allowed to dismiss claims (like the Lakeview claim) without paying fees and costs. Federal Resources would withdraw its objection if the amendment did not prejudice its counterclaim and request for fees and costs.

## ANALYSIS

Rule 15(a) is "very liberal" and leave to amend "shall be freely given when justice so requires." *See AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946 (9th Cir. 2006). However, a district court need not grant leave to amend where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay

**Memorandum Decision & Order - 2**

in litigation; or (4) is futile." *Id.*

Federal Resources argues that it would be prejudiced by the amendment if it prevented Federal Resources from pursuing its counterclaim and recouping fees and costs it incurred in litigating the Lakeview claim. The Government responds that there is no prejudice because permitting the amendment would have no impact on Federal Resources' counterclaim and request for fees and costs.

The Court agrees. Consequently, the Court will grant the motion to amend, and find that it is without prejudice to Federal Resources' counterclaim and requests for fees and costs incurred in litigating the Lakeview claim.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (docket no. 158) is GRANTED without prejudice to Federal Resources' counterclaim and requests for fees and costs incurred in litigating the Lakeview claim.

IT IS FURTHER ORDERED, that the Government shall file on CM/ECF a Second Amended Complaint as proposed.

DATED: August 16, 2013

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order - 3**