IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| THE UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 2:11-CV-127-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| FEDERAL RESOURCES CORPORATION, BLUM REAL ESTATE TRUST; and BENTLEY J. BLUM in his capacity as Trustee of the Blum Real Estate Trust | |
| Defendants. | |

The Court has before it defendants' motion to strike three motions for summary judgment filed by the Government. The defendants allege that the motions were filed in violation of the Court's Order of August 22, 2011.

In that Order, the Court (1) limited counsel to a single motion for summary judgment and (2) required a motion to extend the page limit of 20 pages if the issues were complex. In violation of that Order, the Government filed four separate motions for summary judgment totaling 70 pages of briefing without filing any motion to extend the page limits. When defense counsel called the Government's counsel to point out this violation and ask that three of the briefs be withdrawn, the Government's counsel refused. Defense counsel responded with this motion, seeking to strike three of the four briefs.

Counsel for the Government responds that he filed the motions because he "failed to recall the preference for one consolidated motion . . . ." *See Response Brief (Dkt. No.*

*245)* at 2. Among other arguments, Government counsel now seeks an extension of the page limits arguing that these separate issues each require in-depth treatment.

CERCLA cases like this one are complicated. The issues raised in the three challenged motions are separate and there is no redundancy in the Government's briefing. It would appear that all along, the Government has been entitled to a page extension that would cover the extra briefs. Thus, the Court finds credible Government counsel's allegation that his filing of the extra motions was an oversight and not an attempt to evade the 20-page limit.

The Court is troubled by the fact that defendant was forced to file this motion to strike due to the Government's oversight. But essentially the same challenge would have been made to a motion for page extension, and so the work was going to be done one way or the other.

The Court will admonish the Government's counsel to more carefully read the Court's Orders. Moreover, the defendants must now respond to many extra pages of material, and the hearing is set for February 25, 2014. The Court will allow counsel for defendants to propose a schedule for responding to each brief, and to advise the Court whether the hearing date needs to be moved. The Court will not allow the Government's counsel to respond.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to strike (docket no. 244) is DENIED.

IT IS FURTHER ORDERED, that the defendants shall send to law clerk Dave Metcalf (dave_metcalf@id.uscourts.gov) a proposal for a schedule for response briefs and a notice as to whether they seek an extension of the hearing date of February 25, 2014.

DATED: January 9, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court