FOR PUBLICATION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>FEDERAL RESOURCES CORPORATION; BLUM REAL ESTATE TRUST; BENTLEY J. BLUM, personally and in his capacity as Trustee of the Blum Real Estate Trust; and CAMP BIRD COLORADO, INC.,<br><br>       Defendants.<br><br>FEDERAL RESOURCES CORPORATION,<br><br>       Counter-Claimant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>       Counter-Defendant. | Case No. 2:11-cv-00127-RCT<br><br>Ninth Cir. Nos. 15-35192 & 15-35259<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

TALLMAN, Circuit Judge[1]:

---

[1] The Honorable Richard C. Tallman, United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

## INTRODUCTION

On September 4, 2015, following reference from this Court, Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation recommending that Defendant's Election of Exempt Property and Application for Hearing to Determine Property and/or Exempt Property be denied as premature. (Dkt. No. 412). On September 18, 2015, Blum filed an objection to the report and recommendation. (Dkt. No. 419). The United States replied on October 1, 2015. (Dkt. No. 426). As explained herein, the election is premature, the objection is overruled, and the Report is adopted in its entirety.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Because objections were filed, this Court must conduct a de novo determination of the sections of the Report and Recommendation to which objection was made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Upon review of the Report and Recommendation and the record in this matter, this Court finds the Report and Recommendation to be well-founded in the law based on the facts of this particular case and the procedural posture of the real

2

property exemption claimed by defendant/judgment debtor Bentley J. Blum. The Court has also conducted a *de novo* review of the portion of the Report to which Blum objected and rules as follows.

## DISCUSSION

The background of this case is well articulated in the Report to which neither party objects. (Dkt. No. 412). Therefore, the Court incorporates the Report's recitation of the background in this order. In summary, the United States filed in Miami-Dade County, Florida, an abstract of the judgment previously entered and certified by this Court in conformance with the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §3201(a). Blum filed a motion to exempt real property in Miami-Dade County from the judicial lien under 28 U.S.C. § 3014 on the grounds that it is held as a tenancy by the entirety. While Judge Dale found that the real property might well qualify for exemption as a tenancy by the entirety, Judge Dale also found that Blum's assertion of an election of exempt property was premature because the government has not yet filed an application for a postjudgment remedy. Blum then objected only to the portion of Judge Dale's Report recommending that the election be denied on the grounds that it is not ripe for adjudication.

In his objection, Blum claims that because the Court granted relief in favor

of the United States against Blum under § 3304(a)(2) in the original action against him, he is allowed to claim an exemption under § 3014. (Dkt. No. 419). Blum further claims that the judicial lien on his property created by filing the abstract of judgment constitutes an action or proceeding under the FDCPA. (Dkt. No. 419).

The FDCPA clearly proscribes the procedures by which a judgment debtor may claim an exemption when the government files an action or proceeding under the FDCPA. 28 U.S.C. § 3014. However, not every "action" under the FDCPA qualifies as one for which the judgment debtor may claim an exemption. It is only those actions for which the FDCPA specifically directs the government to notify the judgment debtor of the possibility of an exemption that § 3014 applies. For example, in seeking a prejudgment remedy under Subchapter B, the government must provide notice to the judgment debtor informing the debtor that exemption laws may apply. *Id.* §3101(d). It is the duty of the debtor to call for a hearing and prove that an exemption applies to the particular property against which the government is seeking a prejudgment remedy. *Id.* In another example, the postjudgment remedies under Subchapter C also require the government to notify a judgment debtor of his right to request a hearing regarding exemptions. *See id.* § 3202(b). In each instance the government is required to inform the parties that it is taking or seizing property. *See id.* §§ 3101(d), 3202(b).

Therefore, when § 3014 refers to electing an exemption "under this chapter" it is referring specifically to those instances in the subchapters where Congress afforded a judgment debtor the right to elect an exemption. *See id.* § 3014(a). A judgment debtor is not afforded an absolute right to claim exempt property at any time. The sections of the FDCPA raised by Blum do not afford him any right to elect exempt property at this time.

First, though the United States was granted relief against Blum under Subchapter D, § 3304, that section does not afford Blum the right to notification and exemption of property. Subchapter D relates to fraudulent transfer and under no section of this subchapter is the government required to notify a judgment debtor of the right to elect exempt property. *See id.* § 3301 *et. seq.* Furthermore, securing a finding that a transfer of property was fraudulent is not an attempt by the government to seize the property that would require notice. The fraudulent transfer provision is not an actual attempt to recover on the putative debt that affords a debtor the right to invoke a claimed property exemption; it is "a remedy in connection with" a claim for a debt. *See id.* § 3001(a)(2). Therefore, Blum cannot elect to exempt his real property at this time because it is not an option provided to debtors under Subchapter D and the claim against him under § 3304 is not an attempt to collect on the debt.

5

Second, a judgment lien under § 3201 of the FDCPA does not constitute an "action or proceeding" under the FDCPA. Notably, judgment liens are a separate section in Subchapter C from enforcement of judgments. Upon filing a judgment lien, the government is not required to notify the judgment debtor of any property exemptions. *See id.* § 3201. In contrast, it is only upon enforcing the judgment that the government is required to give such notice. *See id.* § 3202(b). Notice is then required to inform the debtor that the government is taking the debtor's property. *Id.* Such postjudgment enforcement actions would include execution, garnishment, and installment payment orders. *Id.* §§ 3203, 3204, 3205; *see* Hon. James. J. Brown, *Judgment Enforcement* § 5.03 (3d. ed. 2015). Each section sets forth how the government may seize property in some manner, but a judgment lien is not a seizure of property. If Congress had wanted to allow judgment debtors to elect to exempt property from the mere filing of judgment liens, it would have included such a provision in § 3201. Therefore, Blum cannot claim an exemption from the judgment lien because it is not yet an attempt to enforce the judgment or to seize Blum's property.

In construing a judgment lien in this manner the Court is persuaded by the Ninth Circuit's characterizations of tax liens. *U.S. v. Barbier* held that a tax lien could encumber property exempt from levy. 896 F.2d 377, 378 (9th Cir. 1990);

6

*see also Matter of Sills*, 82 F.3d 111, 113 (5th Cir. 1996) ("Whether property is exempt from levy is not determinative of the validity or enforceability of a tax lien on property."). Exemptions are a means of limiting the government's ability to forcibly seize property, not a bar to the government's ability to secure an interest in said property. *Barbier* 896 F.2d at 379. A lien "is merely a security interest and does not involve the immediate seizure of property." *Id.* The statutory language of the provision in *Barbier* also clearly indicated it applied to all property, not just nonexempt property. *Id.* at 378. The Ninth Circuit therefore held that a lien enables a property owner "to maintain possession of protected property while allowing the government to preserve its claim should the status of property later change." *Id.* at 379.

This Court extends by analogy such an interpretation to judicial liens as well; a characterization well-founded in the FDCPA statute itself which states that a judgment lien must be sought "in the manner in which a notice of tax lien would be filed." 28 U.S.C. § 3201. Like judgment liens, tax liens do not require notification to the debtor regarding possible property exemption. *See* 26 U.S.C. § 6323(f). Additionally, a tax lien may be imposed on "all property and rights to property," exempt and nonexempt. *See Barbier*, 896 F.2d at 378-79. Since the FDCPA judgment lien similarly applies to "all real property," it encumbers both

7

exempt and nonexempt real property.  *See* 28 U.S.C. § 3201.  Therefore, this Court holds that the relationship of a judicial lien to the real property it encumbers is similar to that of a tax lien; it does not require notification to the debtor and it may attach to exempt property.

The FDCPA clearly indicates the instances under which a property owner is eligible to elect an exemption.  This does not include the mere "ministerial act" of filing a judgment lien to maintain the status quo in postjudgment litigation.  *See* Brown, *Judgment Enforcement* § 1.02[G], at 1-27, § 1.04[A], at 1-59.  Furthermore, a judicial lien, like a tax lien, may secure the government's interest in property, even if subject to an exemption, in the event that the status of the property changes.  Therefore the United States' judicial lien filed in Miami-Dade County, Florida, encumbers Blum's property, even though it may currently qualify for an exemption.  In the event that the status of the property changes, the government may then seek to enforce the judgment.

Finally, Blum argues that because the United States applied for Writs of Garnishment under 28 U.S.C. § 3205(b)(1) he is allowed to claim an exemption under § 3014.  (Dkt. Nos. 415, 416).  A writ of garnishment is an action under the FDCPA that requires the government to notify a party of its right to raise the possibility of property exemptions.  *See* 28 U.S.C. § 3203(b).  However, because

those writs of garnishment were served on third parties and not Blum, the writs are completely irrelevant to the objection considered here.  Those parties may raise an exemption to their property interest if it applies.  Blum cannot employ writs issued against third parties to claim an exemption to his own property.

Because Chief Magistrate Judge Dale did not clearly err in determining that Blum's claim of exempt property was premature and her legal analysis is well supported by the applicable statutes, **IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. No. 412) shall be **ADOPTED** in its entirety.

Defendant's Election of Exempt Property and Application for Hearing to Determine Property and/or Exempt Property (Dkt. No. 390) is **DENIED** without prejudice to refiling at the appropriate time and in an appropriate venue.

Dated October 9, 2015.

*Richard C. Tallman*
RICHARD C. TALLMAN
United States Circuit Judge